UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SNAP-ON EQUIPMENT GMBH,
and SNAP-ON EQUIPMENT INC.,

        Plaintiffs,

   v.                                 Case No. 17-cv-1008-pp

INTEGRATED SUPPLY NETWORK, LLC,
and GREG SMITH EQUIPMENT SALES, LLC,

        Defendants.

## ORDER APPROVING STIPULATION
## FOR ENTRY OF A PROTECTIVE ORDER (DKT. NO. 21)

On February 13, 2018, the parties filed a stipulation for entry of an

agreed protective order. Dkt. No. 21. The court **APPROVES** the stipulation, dkt.

no. 21, and under Federal Rule of Civil Procedure 26(c) and Civil Local Rule

26(e) (E.D. Wis.), **ORDERS** that:

(A)    DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY
INFORMATION. Designation of information under this order must
be made by placing or affixing on the document or material, in a
manner that will not interfere with its legibility, the words
"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (1)    One who produces information, documents, or other
material may designate them as "CONFIDENTIAL" when the
person in good faith believes they contain trade secrets or
nonpublic confidential technical, commercial, financial,
personal, or business information.

    (2)    One who produces information, documents, or other
material may designate them as "ATTORNEYS' EYES ONLY"
when the person in good faith believes that they contain
particularly sensitive trade secrets or other nonpublic

1

confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3)     Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within thirty days of receipt of the deposition transcript.

(5)     If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(B)     DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION. Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and

2

conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the

parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this order requiring that the information, documents, or other material be held in confidence.

(e)     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the court and the court's staff.

(f)     Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2)     ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this order to any other person or entity, except that disclosures may be made in the following circumstances:

(a)     Disclosure may be made to counsel of record and employees of counsel of record for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this order requiring that the information, documents, or other material be held in confidence.

(b)     Disclosure may be made to the in-house counsel of Snap-on Equipment Inc., Snap-on Equipment GmbH, Integrated Supply Network, LLC, and Greg Smith Equipment Sales, LLC who have direct functional responsibility for preparation and trial of the lawsuit, have been advised of, and become subject to, the provisions of this order requiring that the information, documents, or other material be held in confidence.

(c)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any

such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this order.

(d)     Disclosure may be made to independent consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this order requiring that the information, documents, or other material be held in confidence. To the extent that there is any doubt as to whether an expert may be considered independent from the receiving party because the individual to be designated is affiliated with the business of the receiving party in the capacity as an employee of or industry consultant, the identity of that individual must be revealed to the disclosing party prior to disclosure of the information pursuant to the procedures set forth Section C. For avoidance of doubt, individuals who regularly testify as independent damages experts and consumer survey experts shall not be subject to the prior identification requirement set forth in Section C.

(e)     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the court and the court's staff.

(f)     Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(C)     PROCEDURES FOR APPROVING DISCLOSURE OF PROTECTED MATERIAL TO EXPERTS

(1)     A party that seeks to disclose to an expert any information or item that has been designated "ATTORNEYS' EYES ONLY" first must notify, in writing (including via email), the designating party of its intent to make such a disclosure and including a signed "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (attached hereto as Exhibit A). The notification shall include a copy of the expert's current curriculum vitae and must identify:

(a)     The full name of the expert and the city and state of the Expert's primary residence;

(b)     The expert's current employer(s);

(c)     Any legal action (by name and number of the case, filing date, and court) in connection with which the expert has provided any professional services in his/her area of expertise during the preceding five years; and

(d)     Any previous or current contractual relationship between the expert and any of the parties.

(2)     A party that provides the notice described in the preceding section may disclose the subject ATTORNEYS' EYES ONLY information to the identified expert unless, within ten business days of receipt of the notice, the party receives an objection to the disclosure, in writing (including via email), from the designating party. Any such objection must set forth the specific grounds on which it is based.

(3)     A party that receives a timely written objection as described in the preceding section must meet and confer with the designating party to try to resolve the matter by agreement within seven business days following the objection. Only if no agreement is reached after the meet and confer, the designating party may seek the court's assistance in accordance with the court's procedures for resolving discovery disputes within seven business days from the date of the meet and confer. If relief from the court is not sought within that time, the objection shall be deemed withdrawn. If relief is sought, designated material shall not be disclosed to the expert in question until the court resolves the objection. In any such proceeding, the designating party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the ATTORNEYS' EYES ONLY information to the specific designated expert.

(D)     MAINTENANCE OF CONFIDENTIALITY. Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2)     To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the clerk of court utilizing the procedures set forth in General L. R. 79(d). If a court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

(E)     CHALLENGES TO CONFIDENTIALITY DESIGNATION. A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

(F)     CONCLUSION OF LITIGATION. At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may

retain a complete set of all documents filed with the court, subject to all other restrictions of this order.

Dated in Milwaukee, Wisconsin this 27th day of February, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**